VAN HORN v. NEW YORK PIE BAKING CO.

(Supreme Court, Appellate Term. June 5, 1908.)

SET-OFF AND COUNTERCLAIM—SUBJECT OF COUNTERCLAIM—CONTRACT OR TORTS—BAILMENT.

Since a contract to board another's horses and take care of his wagons creates the relation of bailor and bailee, and imposes on the bailee the duty to see that the wagons are unharmed, any damages sustained by the bailor by injury to the wagons arise out of contract, and not from tort; and hence, in an action by the bailee to recover for board of the

horses and for care of the wagons, such damages are a proper counterclaim.

[Ed.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 49, 51.]

Appeal from City Court of New York.

Action by Edmund B. Van Horn against the New York Pie Baking Company to recover for boarding horses. From a judgment for plaintiff dismissing defendant's counterclaim, and from an order denying a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

See 109 N. Y. Supp. 676.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Finch & Coleman (John Burlinson Coleman, of counsel), for appellant.

Cornelius Doremus (Joseph H. Lecour, Jr., of counsel), for respondent.

PER CURIAM. The cause of action is based on the breach of contract by the failure of defendant to pay for the boarding of its horses and custody of its wagons by the plaintiff. The defense is a breach of the contract by the failure of plaintiff to furnish proper accommodation for its wagons, as required by the contract, and a counterclaim is set up for damages to defendant's wagons by reason of such lack of proper care and accomodation. The court dismissed the counterclaim and directed a verdict for plaintiff. Defendant offered evidence in support of its counterclaim, showing the damage done and the reasonable cost of repair. The issues presented by the counterclaim should have been submitted to the jury.

We think the relations of the parties were that of bailor and bailee, and that the plaintiff was under an obligation to maintain the building in which the wagons were in a state that would render them reasonably safe from harm. The plaintiff, under the circumstances, owed to the defendant the duty of exercising ordinary care in respect of the wagons, and, failing in that duty, became liable to the defendant for damages by reason of a breach of contract, and not in tort. 19 Am. & Eng. Ency. of Law (2d Ed.) p. 432.

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event.